ace

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 07-3055-JAR |
| ) | |
| SECRETARY OF CORRECTIONS, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

**MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2254**

This matter comes before the Court on James Davis's Petition for Writ of Habeas Corpus (Doc. 1) seeking federal habeas relief from a state conviction, pursuant to 28 U.S.C. § 2254. Having carefully considered the parties' submissions, the Court is prepared to rule. For the reasons stated below, the Court denies petitioner's request for federal habeas relief. Further, the Court considers petitioner's pending motions for appointment of counsel (Docs. 13, 14) and denies the requests as moot.

**I.      Facts**

On January 7, 2003, a jury convicted petitioner of attempted aggravated robbery, aggravated weapons violation, and misdemeanor theft in the District Court of Sedgwick County, Kansas. Petitioner was initially sentenced on July 31, 2003, to 32 months' imprisonment. Afterwards, the State filed a motion to correct an illegal sentence because the pre-sentence investigation report incorrectly listed attempted aggravated robbery as a severity level 7 felony under Kansas law with a sentencing range of 30 to 34 months' imprisonment. An amended pre-sentence investigation report was then prepared that correctly listed attempted aggravated

robbery as a severity level 5 felony under Kansas law with a sentencing range of 122 to 136 months' imprisonment. On February 7, 2003, the district court held a second hearing and re-sentenced petitioner to 122 months' imprisonment.

Petitioner appealed his sentence to the Kansas Court of Appeals, alleging the following errors: (1) prosecutorial misconduct; (2) denial of a fair trial due to the admission of eyewitness identifications; (3) the district court did not have jurisdiction to modify his sentence; and (4) cumulative effect of trial errors deprived him of a fair trial. On April 16, 2004, the Kansas Court of Appeals affirmed petitioner's convictions and sentence.[1] Regarding his sentence, the appellate court found that petitioner's initial sentence of 32 months' imprisonment was an illegal sentence because it did not "conform to the statutorily authorized punishment."[2] The appellate court further concluded that the district court had jurisdiction to correct the sentence because "a court may correct an illegal sentence at any time."[3] On September 15, 2004, the Kansas Supreme Court denied review.

Petitioner then filed a *pro se* motion in the District Court of Sedgwick County requesting the court to correct an illegal sentence. The district court denied the motion on December 2, 2004, and petitioner appealed. On February 21, 2006, the Kansas Court of Appeals affirmed the denial of petitioner's motion to correct an illegal sentence. The Kansas Supreme Court denied review on June 9, 2006. Then on March 1, 2007, petitioner filed this motion pursuant to 28 U.S.C. § 2254 for habeas relief.

---

[1] *State v. Davis*, 87 P.3d 933, 2004 WL 835964 (Kan. Ct. App. Apr. 16, 2004) (unpublished table opinion).

[2] *Id.* at *5 (citing *State v. Reedy*, 967 P.2d 342, 343 (Kan. Ct. App. 1998)).

[3] *Id.* (citing K.S.A. § 22-3504(1)).

2

In his § 2254 motion, petitioner asserts three grounds for relief: (1) the trial court erred in denying petitioner a hearing on his motion to correct illegal sentence and in failing to correct illegal sentence; (2) the Kansas Court of Appeals erroneously affirmed the illegal sentence; and (3) the Kansas Supreme Court erred in denying his petition for review when he was "sentenced in the wrong grid block." Each of these grounds alleges the same issue—that petitioner was illegally sentenced under Kansas law.[4]

## II.  Standard of Review

Because petitioner "filed his habeas petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern this appeal."[5] The AEDPA "circumscribes a federal habeas court's review of a state court decision."[6] Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on any claim adjudicated in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[7]

In *Williams v. Taylor*,[8] the Supreme Court discussed the § 2254(d) clauses. "Under the

---

[4] Petitioner's § 2254 motion makes no reference to the additional issues that he raised in his initial appeal to the Kansas Court of Appeals. Because petitioner has not raised these issues in his § 2254 petition as grounds for habeas relief, the Court concludes that petitioner has waived these claims.

[5] *Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003) (citations omitted).

[6] *Anderson v. Mullin*, 327 F.3d 1148, 1152 (10th Cir. 2003) (quotations omitted).

[7] 28 U.S.C. § 2254(d).

[8] 529 U.S. 362 (2000).

'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts."[9] "Under the 'unreasonable application' clause, the Court in *Williams* stressed that the relevant inquiry is not whether the state court's application of federal law was incorrect, but whether it was 'objectively unreasonable.'"[10]

The court presumes "that factual determinations made by the state court are correct, and the petitioner bears the burden of rebutting this presumption with clear and convincing evidence."[11] "This presumption does not extend to legal determinations or to mixed questions of law and fact."[12] "That is, the 'deferential standard of review does not apply if the state court employed the wrong legal standard in deciding the merits of the federal issue.'"[13] "Ultimately, our review of the state court's proceedings is quite limited, as section 2254(d) sets forth a highly deferential standard of evaluating state-court rulings."[14]

Additionally, because petitioner is a *pro se* litigant, the Court must construe *pro se* pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[15]

---

[9] *Id.* at 412–13.

[10] *Anderson*, 327 F.3d at 1153 (citing *Williams*, 529 U.S. at 409).

[11] *Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003) (citing § 2254(e)(1); *Fields v. Gibson*, 277 F.3d 1203, 1221 (10th Cir. 2002)).

[12] *Id.* (citing *Herrera v. Lemaster*, 225 F.3d 1176, 1178–79 (10th Cir. 2000)).

[13] *Id.* (quoting *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003)).

[14] *Anderson*, 327 F.3d at 1152.

[15] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16] The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[17]

## III. Analysis

The Supreme Court has explained that "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."[18] But "'federal habeas corpus relief does not lie for errors of state law.'"[19] "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."[20] In this action, petitioner challenges his sentence based on the interpretation of Kansas state law by the Kansas courts. Petitioner argues that his current sentence of 122 months' imprisonment is an illegal sentence, but the Kansas Court of Appeals held to the contrary. Rather, the appellate court found that petitioner's *initial* sentence was illegal because it did not reflect the authorized punishment under Kansas statutory law.[21] The court further concluded that the district court had jurisdiction to correct the initial, illegal sentence when Kansas law allows a court to correct an illegal sentence at any time.[22] The court also found that

---

[16]*Id.*

[17]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[18]*Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975)).

[19]*Id.* at 67 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

[20]*Id.* at 67–68; *see also Hawkins v. Mullin*, 291 F.3d 658, 662 (10th Cir. 2002) ("[T]his court is bound by the state court's interpretation of its own law.").

[21]*State v. Davis*, 87 P.3d 933, 2004 WL 835964, at *5 (Kan. Ct. App. Apr. 16, 2004) (unpublished table opinion) (citing *State v. Reedy*, 967 P.2d 342, 343 (Kan. Ct. App. 1998)).

[22]*Id.* (citing K.S.A. § 22-3504(1)).

5

the 122-month term of imprisonment imposed at petitioner's re-sentencing hearing was within the applicable sentencing range of 122 to 136 months' imprisonment under Kansas law.[23] Therefore, because petitioner challenges his sentence based on state court interpretation of state law, his claims are not cognizable on federal habeas review.

Because petitioner raises only issues of state law, a federal court cannot provide habeas relief unless "the state court's arbitrary disregard of the state sentencing law and imposition of an unauthorized sentence [ ] violate[s] the defendant's due process rights."[24]  In this case, the state court's conclusion that petitioner had been incorrectly sentenced under Kansas law was not an arbitrary disregard of state law.  In fact, the state court's re-sentencing of petitioner is supported by Kansas law.  Thus, there has been no violation of defendant's due process rights.

Although petitioner alleges that his re-sentencing resulted in constitutional violations of due process rights, the double jeopardy clause, and equal protection of laws,[25] petitioner fails to raise any claims in this habeas action that his sentence was contrary to or involved an unreasonable application of federal law.  Petitioner makes the "bare assertion" that he was denied due process without any explanation for the legal basis of this claim,[26] and as explained above, his due process rights were not violated when there is no evidence that the state court arbitrarily  disregarded state sentencing law and imposed an unauthorized sentence.  Petitioner also asserts an equal protection claim, but provides no facts to show that he was "treated

---

[23]*Id.* at *4 (citing K.S.A. § 21-4704 (Supp. 2003)).

[24]*Pimenta v. Crandall*, 201 F.3d 448, 1999 WL 1009518, at *4 (10th Cir. Nov. 8, 1999) (unpublished table opinion) (citing *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980); *Whalen v. United States*, 445 U.S. 684, 689–90 (1990)).

[25](Doc. 1 at 5, 8.)

[26]*Denney v. Roberts*, 196 Fed. App'x 713, 715 (10th Cir. 2006).

different from similarly situated persons."[27]  Petitioner's "conclusory statement[s]" that he was denied due process and equal protection do not amount to a "'substantial showing of the denial of a constitutional right.'"[28]  Petitioner also has not shown that he was "subject for the same offence to be twice put in jeopardy of life or limb" such that the Double Jeopardy Clause was violated.[29]  The Double Jeopardy Clause prohibits a state from putting a criminal accused twice in jeopardy for the same crime; however, "'[t]he prohibition is not against being twice punished, but against being twice put in jeopardy . . . .'"[30]  In this case, petitioner was put in jeopardy once when he was tried and convicted of attempted aggravated robbery, aggravated weapons violation, and misdemeanor theft.  Thus, there was no violation of the Double Jeopardy Clause in this case.  Because petitioner has failed to allege that his sentence was contrary to or involved an unreasonable application of federal law, his petition for habeas relief must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the Petition for a Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254 is **denied.**

**IT IS FURTHER ORDERED** that petitioner's Motions for Appointment of Counsel (Docs. 13, 14) are **denied as moot.**

**IT IS SO ORDERED**.

Dated this 9th day of July 2007.

                                                                          S/ Julie A. Robinson

---

[27]*Id.* at 715–16 (citing *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996)).

[28]*Id.* (quoting 28 U.S.C. § 2253(c)(2) and citing *Dunn v. White*, 880 F.2d 1188, 1198 (10th Cir. 1989)).

[29]U.S. CONST. amend. V.

[30]*Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (citing *Benton v. Maryland*, 395 U.S. 784, 794 (1969) and quoting *Ball v. United States*, 163 U.S. 662, 669 (1896)).

                                            Julie A. Robinson  
                                            United States District Judge

Memorandum and Order Denying Petitioner's Motion Under 28 U.S.C. § 2254, *Davis v. Secretary of Corrections, et al.*, No. 07-3055